Matter of Oluwashola J.P. (Emma Z.T.) (2019 NY Slip Op 04323)





Matter of Oluwashola J.P. (Emma Z.T.)


2019 NY Slip Op 04323


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9514

[*1]In re Oluwashola J.P., A Dependent Child Under the Age of Eighteen Years, etc., Emma Z.T., Respondent-Appellant, SCO Family of Services, Petitioner-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Carrieri & Carrieri, P.C., Mineola (Ralph R. Carrieri of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about November 21, 2017, which terminated respondent mother's parental rights and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the finding that respondent, by reason of her mental illness, is unable at present and for the foreseeable future to provide proper and adequate care for her son (Social Services Law § 384-b[4][c]; see Matter of Elizabeth H. [Ylein S.], 165 AD3d 402, 402-403 [1st Dept 2018]). Such evidence included a report and testimony from a court appointed psychologist who reviewed respondent's medical records, conducted her own mental health evaluation, which included a questionnaire and an extensive clinical interview, and concluded that respondent suffers from a combination of schizophrenia, characterized by paranoia and disorganized thoughts and behaviors, and a mood disorder (see Matter of Jeremiah M. [Sabrina Ann M.], 109 AD3d 736 [1st Dept 2013], lv denied 22 NY3d 856 [2013]). Exacerbating respondent's ability to care for her son were the expert's conclusions that respondent had limited insight into her condition, a history of inconsistent engagement in treatment, and her noncompliance with the prescribed medication regimen (see Matter of Priseten T. [Miatta T.], 147 AD3d 458 [1st Dept 2017]). Under the circumstances presented, it was not necessary for the psychologist to observe interactions between respondent and her son before reaching her conclusions (see Matter of Inuel S. [Eunice F.], 162 AD3d 586, 587 [1st Dept 2018]).
Respondent failed to sustain her burden of demonstrating that she was denied meaningful representation and that the alleged deficient representation resulted in actual prejudice (Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543, 544 [1st Dept 2014]). Specifically, respondent failed [*2]to establish that her attorney's failure to call a specific mental health professional as an expert witness was not a strategic determination (Matter of Gabrielle G. [Mike G.], 168 AD3d 589, 590 [1st Dept 2019], lv denied 32 NY3d 915 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK